Missouri, Kansas & Texas Railway Company of Texas v. Lee M. Lasater.

Decided December 19, 1908.

**1.—Railroads—Speed of Trains—Negligence, when.**

A railroad company may have the abstract right to run its trains over a particular portion of its track at such speed as it desires, but if it runs faster than a person of ordinary care and prudence would have run it under like circumstances, and personal injuries result to its employes, it will be responsible for the damages.

**2.—Same—Negligence—Damages—Concurring Causes.**

If a carrier is negligent in two particulars and neither act alone is sufficient to cause an injury, but both, acting concurrently, are the proximate cause of an injury, the carrier is liable.

**3.—Trial—Omission in Charge—Practice.**

In the absence of a requested charge supplying an omission in the main charge, an appellant cannot complain that said charge was not as full and specific as it should have been.

**4.—Personal Injuries—Damages—Prospect of Promotion—Evidence.**

In a suit by a brakeman against a railroad company for damages for personal injuries, where it appeared that the plaintiff before the injury was competent to discharge the duties of a conductor and was in the line of promotion,

*it was not error to permit the plaintiff to testify as to the amount earned by a conductor, as bearing upon the question of damages.*

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke, Head, Dillard, Smith & Head,* and *J. C. Wall,* for appellant.

*Wolfe, Hare & Maxey,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted by appellee against appellant to recover damages for personal injuries sustained by him in the derailment of a train upon which he was working as a brakeman, at or near Argyle, Texas, in March, 1907. The alleged grounds of negligence on the part of appellant are: (1) That the roadbed, ties and rails were in bad condition, and not suitable for the purposes for which they were being used; (2) that the train was being negligently operated at a speed of forty-five miles per hour, which was dangerous; (3) that the switch stand, switch rails and connections were not in proper condition and were improperly constructed, the points of said rails being too far from the main line, causing the wheels of the engine to jump the track; (4) that the engine and the wheels thereof were old, worn and out of repair, and unsuitable for the purposes for which they were being used. Appellant answered by general demurrer, special exceptions, general denial, and a special plea of contributory negligence. The cause was tried before a jury on the 12th day of December, 1907, and resulted in a verdict and judgment for appellee in the sum of $7,500. Appellant's motion for a new trial was overruled, and it has appealed to this court.

The court charged the jury that if they believed from the evidence that defendant was guilty of negligence in either or all of the particulars charged, except the first stated, enumerating the other three grounds of negligence alleged, and that such negligence was the proximate cause of plaintiff's injury; or that if the defendant was guilty of negligence in respect to any one of the matters enumerated, and they should further believe that the said act of negligence was not in itself the sole proximate cause of plaintiff's injury, but believed that said act of negligence concurred with either one or both of the other two matters enumerated and were together the proximate cause of plaintiff's injury, then to find for plaintiff, even though they believed that in neither of the two matters enumerated was defendant guilty of negligence.

It is assigned that the court erred in so instructing the jury, because (1) there was no evidence warranting the submission of the question whether or not the train was being operated at a dangerous rate of speed as a ground of recovery; (2) that there was no law against appellant's operating its train along that portion of its track where the wreck occurred at the rate of speed shown by the evidence; (3) that if appellant was guilty of negligence in respect to some one of the matters enumerated in the charge, and such negligence, taken alone, did not cause the accident the mere concurring of that negligence with one or

more of the other matters enumerated in respect to which appellant might not be negligent, would not, under the law, make appellant liable.

The charge was not for either of these reasons erroneous. The testimony of plaintiff's and defendant's witnesses was conflicting as to the rate of speed at which the train was being operated. The plaintiff's witnesses stated that it was running thirty or forty miles an hour, and defendant's witnesses stated that it was going about twenty-five miles an hour. A number of witnesses, however, for the plaintiff testified in substance, that they had frequently observed trains passing through Argyle on defendant's road prior to the accident resulting in plaintiff's injury; that they were familiar with the speed of trains, and that the train in question was going faster than freight trains usually ran over that portion of the track. One of the witnesses said the "train wrecked was going faster than freight trains usually go along there and faster than most of the passenger trains." Another said, "I have seen trains go through Argyle as fast as that one was going, but it was going a great deal faster than the average train that passes through Argyle from south to north." Clearly, we think the evidence was sufficient to authorize the submission of the issue, whether or not the train was being operated at a high and dangerous rate of speed; and if it was and was the proximate cause of plaintiff's injury, the same furnishes a ground for recovery in this suit. It may be conceded that the appellant had the abstract right to run its train over this particular portion of its track at such rate of speed as it desired, yet if it was run faster than a person of ordinary care and prudence would have operated it under like circumstances and resulted in proximately causing damage to the plaintiff, it should be held responsible for such damage.

The third proposition is equally untenable. It is not essential, where an injury results from two concurring causes, "that both should be negligence in him who puts them in operation." Texas Mexican Ry. Co. v. Higgins, 44 Texas Civ. App., 523. In the case of Sproule v. St. Louis & S. F. Ry. Co., 91 S. W., 657, the precise question under consideration arose, and this court in passing upon it, said: "If a carrier is negligent in two particulars and neither negligent act alone is sufficient to cause an injury, but both, acting concurrently, are the proximate cause of a wreck and subsequent injury, the carrier is liable."

To appellant's further contention in this connection, that appellant would not be liable unless, in the exercise of ordinary care, it might have reasonably anticipated that its negligent act concurring with some other act or condition alleged might cause some such injury as plaintiff sustained, and that the charge in question ignored that phase of the case, it is sufficient to say that said charge stated a correct proposition of law as written, and if appellant desired fuller and more specific instructions it should have prepared and requested such instructions.

Nor do we think the court committed any error, if at all, in the seventh paragraph of the general charge, of which appellant should now be heard to complain. The objections to the charge are that the jury were not allowed thereby to find in favor of the defendant on the issue of the condition of the driver wheels in the event they should find that the condition charged existed, if they further found that such condition did not cause the derailment of the train; and did not permit

the jury to find for defendant on the issue of the speed of the train, even though it was running at a dangerous rate of speed, if they further concluded that the speed of the train did not cause the derailment. The charge very clearly and explicitly instructed the jury that if they did not believe the driver wheels on the engine which was drawing the wrecked train, were old, worn and unsuitable for the purpose for which they were used, or if they did so believe, but further believed that a person of ordinary care and prudence would have used them in the way they were being used at the time of the wreck, then in either of these events to find for defendant on the issue of the condition of the driver wheels; or if they did not believe that the derailed train was, at the time of its derailment, being operated at a higher rate of speed than an ordinarily prudent person would have operated the same under the conditions and circumstances that said train was being operated at said time, to find for defendant on this issue. This charge was correct as far as it went, especially when read in connection with the fifth paragraph of the charge. If erroneous because of the omissions suggested, such errors were not affirmative errors, and a proper charge supplying the omissions should have been requested by appellant. (Missouri, K. & T. Ry. Co. v. McDuffey, 109 S. W., 1107.)

The fourth assignment of error complains of the court's refusal to give a special charge requested by appellant to the effect, that if the jury believed that there were grooves in the driver wheels of the engine which were dangerous and which caused the accident, or in connection with the condition of the switch points and the speed at which the train was running caused the accident, so that but for such grooves such accident would not have been caused, the plaintiff would still not be entitled to recover unless such grooves were of such depth that a person in the exercise of ordinary care in the operation of a railroad would have discovered the same and considered them dangerous to trains operated over a track in the condition this one was in, etc. There was no error in refusing this instruction because sufficiently embodied in the court's main charge; or they were so instructed in the main charge that no injury could result to appellant by the failure to give this special charge. In the seventh paragraph of the court's charge the jury was instructed as follows: "On the other hand, if you do not believe from the evidence that the driver wheels of said engine were old, worn and unsuitable for the purpose for which they were used, or if you believe the said driver wheels were old and worn, but you further believe from the evidence that a person of ordinary care and prudence would have used them in the way they were being used at the time of the wreck, then in either of these events you will find for the defendant on the issue of the condition of said driver wheels."

The court did not err in permitting the appellee Lasater to testify that a freight conductor earned from $130 to $180 per month. In qualifying the bill of exception reserved to the court's ruling the trial judge states that "the witness had already testified that he was competent to discharge the duties of a conductor." He was a brakeman when hurt, and evidently in the line of promotion, and we are inclined to think the evidence was admissible as tending to show what his capacity would have been, but for the injury, to earn money in the future. Be-

sides, the testimony only bore on the question of the amount of the damages plaintiff was entitled to recover, and it is not claimed that the verdict and judgment are excessive.

The seventh assignment attacks the sufficiency of the evidence to support the verdict, but it is not entitled to consideration because not accompanied with a proposition or statement as required by the rules. Waiving this, however, we will state that in our opinion the verdict is amply supported by the evidence and that it does not appear that the plaintiff was guilty of contributory negligence. We are further of the opinion that appellant has sustained no substantial injury by any of the rulings of the court complained of in the assignments of error, and that the judgment of the court below should be affirmed. It is therefore accordingly so ordered.

*Affirmed.*

Writ of error refused.