HINES, Director General of Railroads, v. GLASGOW. (No. 2191.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 23, 1919. Rehearing Denied Jan. 22, 1920.)

DAMAGES ⊕=173(2) — EVIDENCE OF EARNINGS OF CONDUCTOR ADMISSIBLE IN ACTION FOR INJURIES TO BRAKEMAN WITH REASONABLE CHANCE FOR PROMOTION.

In a brakeman's action for injuries against the federal director general of railroads, his testimony that in the railroad service there was a promotion that a brakeman could reasonably look forward to, that to the position of freight conductor, and specifying the wages of such a conductor, was admissible in view of his proof of reasonable chance of promotion.

Error from District Court, Smith County; J. R. Warren, Judge.

Action by A. E. Glasgow against Walker D. Hines, Federal Director General of Railroads. To review judgment for plaintiff, defendant brings error. Affirmed.

Marsh & McIlwaine, of Tyler, for plaintiff in error.

Johnson & Edwards, of Tyler, for defendant in error.

HODGES, J. The defendant in error was a brakeman in the service of the plaintiff in error; and while in the performance of his duties he fell from the top of a freight car, sustaining injuries for which he sued and recovered a judgment. It was alleged and proved upon the trial that nails protruded above the surface of the running board on the freight car, and that these caused him to fall. The jury returned a verdict in his favor for the sum of $10,000. No question is made on this appeal as to the sufficiency of the evidence to support a finding of negligence on the part of the plaintiff in error as the proximate cause of the injury. The defendant in error was permitted to testify, over the objection of the plaintiff in error, as follows:

"I had been in the service of the defendant company hardly a year at the time when I was injured, and I was earning about $110 a month on an average. There is such a thing as promotion in the railway service, resulting from experience and faithful discharge of duty. In the railroad service there is a promotion that a brakeman can reasonably look forward to, promotion to the position of conductor. A freight conductor ordinarily gets a good deal more wages and pay than a freight brakeman, but I don't know exactly now since the new rules and new rates, but they get $4.19 a day, I believe, on through freight, and $5 and something—I don't know what exactly—on locals. During my service on the Cotton Belt as a brakeman, I held that position nearly a year, and so far as I know I gave satisfactory service as a brakeman while I was with the defendant company."

He further testified:

"I had been railroading a little better than seven years, nearly eleven years, at the time I was injured. I have worked for four or five roads."

The first part of the testimony quoted was objected to upon the ground that it was irrelevant and immaterial to any issue in the case, that there was no evidence to show that plaintiff had any reasonable expectation of being promoted from brakeman to conductor, and no evidence had been introduced to authorize its introduction. Appellant refers to the case of Ry. Co. v. Elliott, 149 U. S. 266, 13 Sup. Ct. 837, 37 L. Ed. 728, and some other decisions in different states, as supporting the proposition that this testimony was inadmissible. In the Elliott Case testimony somewhat similar to this was excluded upon the ground that the chances of promotion in that instance were too remote to be considered in fixing the measure of damages. It is clear, we think, that the admissibility of such evidence depends upon whether or not the chances of promotion are such as to create a reasonable prospect of future realization. That prospect necessarily depends upon the conditions attending each particular case.

---

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Here the witness, without giving the basis of his conclusion, stated that—

"In the railroad service there is a promotion that a brakeman can reasonably look forward to; that is, promotion to the position of conductor."

If that be true, there can be no legal objection to having the jury consider those facts. The following decisions seem to support that rule: Ry. Co. v. Lasater, 53 Tex. Civ. App. 51, 115 S. W. 103; Ry. Co. v. Johnston, 78 Tex. 536, 15 S. W. 104; Ry. Co. v. Stalcup, 167 S. W. 279; Ry. Co. v. St. Clair, 21 Tex. Civ. App. 345, 51 S. W. 666; Smelting Co. v. Taylor, 48 Tex. Civ. App. 605, 107 S. W. 889; Ry. Co. v. John, 9 Tex. Civ. App. 342, 29 S. W. 558. It is also contended that the verdict rendered in this case is excessive. It is unnecessary to state in detail the injuries claimed by the plaintiff. We have examined the evidence, and conclude that we would not be justified in reducing the amount of the recovery.

The judgment is affirmed.