## FLORES v. GARCIA. (No. 6460.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1920.)

1. **Municipal corporations ⬄705(4)—Violation of penal statute as to operation of automobile supports civil action.**

The operation of an automobile on the public highways in violation of Vernon's Ann. Pen. Code Supp. 1918, arts. 820a–820yy, supports a civil action for damages for injuries inflicted by the person operating the machine.

2. **Statutes ⬄279—Pleading in hæc verba statute violated by defendant in operation of automobile not improper.**

In an action for injuries sustained in a collision with automobile, it was not improper to plead Vernon's Ann. Pen. Code Supp. 1918, arts. 820a–820yy, in hæc verba on the theory that it would improperly influence the minds of the jury.

3. **Municipal corporations ⬄705(4)—Operating motor vehicle in violation of statute is negligence per se.**

Operation of an automobile in violation of Vernon's Ann. Pen. Code Supp. 1918, arts. 820a–820yy, is negligence per se when an accident is caused by the violation.

4. **Master and servant ⬄302(1)—Chauffeur driving car containing member and guest of owner's family within employment.**

A chauffeur in driving the owner's automobile in which the owner's sister and a guest of the family were riding for pleasure was engaged in the business of his employment.

5. **Master and servant ⬄304—Owner liable for negligence of chauffeur operating automobile in owner's business.**

An individual, as distinguished from a corporate owner of an automobile, is liable for the negligence of his chauffeur in operating it while engaged in his business.

6. **Municipal corporations ⬄706(8)—Instruction that statute regulating operation of vehicles had nothing to do with case properly refused.**

In an action for injury sustained by plaintiff in a collision with defendant's automobile which he alleged was being operated in violation of Vernon's Ann. Pen. Code Supp. 1918, arts. 820a–820yy, an instruction that such statute had no application, and that the jury should not consider it in arriving at their verdict, was properly refused.

7. **Appeal and error ⬄739—Assignment complaining of different instructions and refusal to give instruction is multifarious.**

An assignment of error complaining of the giving of various instructions and the refusal to give a requested instruction was multifarious and need not have been considered.

8. **Damages ⬄132(7)—Verdict of $1,900 for diminished earning capacity held not excessive.**

A verdict of $1,900 for diminished earning capacity held not excessive where plaintiff, knocked down by an automobile, broke his collar bone and shoulder blade and sustained injuries to his back, arm, hips, and knee, and injured his hearing, and had been unable to accept a position for which he was in line when injured, though his salary had been increased subsequent to the injury.

9. **Municipal corporations ⬄705(5)—Operation of automobile on street at speed of 20 miles an hour held to warrant finding of negligence.**

Evidence that defendant's automobile was being operated on a city street at a speed of 20 miles an hour when a collision occurred warranted the jury in finding that he was operating the car negligently as a matter of fact and guilty of negligence per se as a matter of law under Vernon's Ann. Pen. Code Supp. 1918, arts. 820a–820yy.

10. **Appeal and error ⬄1004(1)—Damages for personal injuries not disturbed when jury not improperly influenced.**

When it is not shown that the jury were in any respect improperly influenced to render their verdict in the sum awarded, the Court of Civil Appeals would not be justified in disturbing the verdict on the ground that the allowance for diminished earning capacity from a personal injury was excessive.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Dario Garcia against Alcala Flores. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Hal W. Greer and A. C. Hamilton, both of Laredo, for appellant.

John A. Pope and Raymond & Pope, all of Laredo, for appellee.

COBBS, J. This suit is for damages brought by appellee for personal injuries occasioned by a collision between an automobile driven by the agent, servant, and employé of appellant and a bicycle ridden by appellee, on the streets of Laredo, on or about September 1, 1918, resulting in bodily injuries to appellee, detailed in plaintiff's petition.

Appellee's cause of action was predicated upon the alleged negligence of the driver of an automobile owned by appellant while operating in the line of his employment. One of the grounds of negligence alleged was the violation of the penal laws of Texas regulating the operation of automobiles—the violation of article 820k, the provisions of which were set out in plaintiff's petition. Another ground of negligence was that appellant, without giving appellee any notice of his approach or of his intention to make a turn at the intersection of streets, in violation of law, negligently, recklessly, carelessly, and without regard to life or property ran into and over the appellee and his bicycle with great speed and force, and did then and there

with his automobile knock appellee down and permanently injure him.

It was alleged that the driver of said machine was in the employ of appellant, who was the owner of the automobile, and members of his family were then being driven and were riding in said automobile, and under whose authority it was being driven, and under whose direction the chauffeur was operating the same, and therefore his negligence was the negligence of the owner.

The appellant filed answer consisting of both general and special exceptions, a general denial, and special pleas of contributory negligence. All of said pleas were overruled.

The case was submitted to the jury on a general charge of the court, and resulted in a verdict in favor of appellee for the sum of $2,500.

The findings of the jury were as follows:

Expenses incurred for medical services..... $ 400 00
Physical and mental suffering............... 200 00
Diminished earning capacity................. 1,900 00

Total ................................. $2,500 00

The appellee of his own motion asks that the judgment be reformed to allow him to remit the sum of $353, so that the judgment shall be for only the sum of $2,147.

[1] The first assignment of appellant complains of the action of the court in overruling his demurrer, and his proposition thereunder is to the effect that the suit, having been brought for damages under penal clauses of the statutes relating to the use of vehicles on public highways, applying only to fines and penalties, and containing no provision authorizing suits for damages for injuries inflicted by persons operating machines, fails to state a cause of action against the true owner, who was not present at the time of the accident.

The appellant bases his contention upon the proposition that the statute regulating the operation of automobiles is a criminal statute and affords no remedy for civil action, and therefore the only remedy that the appellee has is to sue and recover damage for his injuries based upon the common-law remedy alone.

It has been held so many times in this state that it is negligence per se for railroads to operate trains in violation of statutory laws or ordinance of cities that it is not an open question. It is a tort and trespass for which a civil action will lie, whether applied to a corporation or individual. A case very similar to this was decided by this court very recently. See Zucht v. Brooks, 216 S. W. 685. The court did not err in overruling the exception, and this assignment is overruled.

[2, 3] The second assignment is somewhat similar to the first, and complains that it was error for the court to overrule special exception No. 4, directed at the same provision of the statute, as contained in 2 Vernon's Texas Civil and Criminal Stats., Pen. Code, Supp. of 1918, c. 1, tit. 13, arts. 820a to 820yy, particularly article 820k, subd. (k), and article 820kk, because it was calculated to inflame the mind of the jury into the belief that a collision was willfully and maliciously caused by defendant.

It was not improper to plead the statute itself in hæc verba. The allegation that the plaintiff operated his automobile in violation of the law in such cases made and provided, and in the particular in which it was claimed that it was a violation, would have been sufficient; but the statute itself pleaded was not, for the reasons stated, improper, since, if one operating a car in violation of a statutory law or police regulation of a municipality causes an accident by such violation, his act, being in violation of the law or ordinance, is negligence per se, and to claim that it was improperly influencing the minds of the jury, or that it gave no right of action, is not supported by any authority cited by appellant, and is in the face of the holding of many courts besides that of this court.

This assignment is overruled.

[4, 5] The third assignment complains that it was error of the court not to sustain appellant's motion to strike out all of the testimony as per the grounds set forth in his bill of exceptions. This assignment practically sets up all of the defenses, that is contending that the rule as to the negligence of an agent does not apply to an individual as against a corporation; and the regulations provided by law fail to confer a right of action against individual owners operating cars negligently through a chauffeur, and such a cause of action is not conferred by a statute, but comes under the common-law remedy, under which it is claimed no right of action for the negligence of the servant can be imputed to, nor a recovery had against, the owner of the machine, and the right of action, if any, is against the chauffeur operating the car, not the owner. This is an incorrect statement of the law, and the court did not err in overruling the motion.

This assignment is overruled.

The appellant was the owner of the machine and had in his employ as chauffeur Jose Leal, who was 19 years old, and at the time of the accident was driving the car for Maria Flores and Rosa Gonzales, who were in the car when the accident occurred. Maria Flores was the sister of appellant, and Rosa Gonzales was a friend of the family. They were riding in the car for pleasure and were talking, as they said, "like women generally do, and seeing; that is what we go out riding for, * * * having a good time, talking and riding." The testimony very fully established the fact that the chauffeur

was in the course of his employment, driving defendant's car for the pleasure of defendant's family and guest, at the time of the collision. He was engaged in the business of his employment. The safety of pedestrians and those using the ordinary vehicles of travel must of necessity depend upon the careful operation of automobiles upon the thoroughfares. It is a powerful machine, capable of doing great damage if negligently manipulated, and the owner should be charged with the responsibility that those to whom he permits the use of such instrumentality shall be capable and his car under the control of a careful person. The public is vitally concerned in such employment and in the operation of such machines, and the Legislature, in passing laws regulating the operation of such cars and the use of automobiles, had the interests and safety of the public in mind. Therefore, under all of the authorities, the owner of the machine may be held responsible for the negligence of the person operating the machine, while engaged in the business of the owner, and the person sustaining the injury may disregard the immediate author of the mischief and hold the master responsible for the damage. He selected the servant, and the servant is under his control, and the act of the servant must be regarded in law as the act of the master. Zucht v. Brooks, 216 S. W. 685; Lefkovitz v. Sherwood, 136 S. W. 850; May v. Hahn, 80 S. W. 262; Id., 97 S. W. 133; H. B. & T. R. Co. v. Rucker, 167 S. W. 301; Rew v. Stoddard, 225 S. W. 836, recently decided by this court. It does not make any difference whether the statute imposed a criminal liability against the chauffeur for excessive speeding or negligent operation of a car, that does not prevent a civil action for the same thing, as the fact that the chauffeur has been prosecuted, convicted, and paid a fine for his negligence would not avail as a defense in any particular against a civil action for the same negligence.

The third assignment is overruled.

The fourth assignment complains of the action of the court in charging the jury:

"If any person while operating an automobile violates any of the foregoing provisions of law, and by reason of such violation collides with and inflicts injury upon another person, he is guilty of negligence, and is liable in damages for the injuries so inflicted."

Such charge is supported by the uniform authorities, and for the reasons given herein upon the same subject we overrule the contention.

The same assignment complains of the charge of the court to the effect that the negligence of the chauffeur in operating the car with the authority or consent of the owner is the act of the owner, and if the chauffeur is guilty of negligence in operating the car and inflicts an injury, the owner is liable, and if an accident occurs resulting in an injury without negligence on the part of the chauffeur, the owner is not liable.

There is no error in this charge. It states correct principles of law. We overrule this contention.

The said assignment further complains of the language of the court in submitting the issue to the jury that the defendant was liable for the unlawful acts and negligence of the chauffeur operating said car, because the admitted facts show he is not a corporation, but is an individual, and was not present or having any control of the car at the time of the accident. We overrule this contention for the reasons already given.

[6] The said fourth assignment further complains that the court erred in refusing to give requested charge No. 3 that—

"The statute regulating the driving of motordriven vehicles, and prescribing punishment by fine or imprisonment, or both, and other penalties, has no application in this case; and you will not consider the same in arriving at your verdict."

This is an incorrect proposition, and the court did not err in refusing it, as will be seen by the discussion of the same subject in another place in this opinion.

[7] This assignment is entirely multifarious, and we perhaps should not have considered it, and would not but for the fact that it reiterates propositions in the case already discussed and disposed of.

The fourth assignment is overruled.

The fifth assignment is that the verdict of the jury is contrary to the law in respect to damages incurred for medical services of $400 in the item reading "Diminished earning capacity," because the proof shows he had been twice promoted, with better pay, and the verdict is based upon the opinion and theory as to said item, without actual proof of the same.

While the appellee controverts the proposition, he has rendered the discussion of the excess contained in the $400 item unimportant, since he remitted from the verdict and judgment, for medical services rendered in the case, the sum of $353, being the difference between the judgment awarded to him for such services of $400 and the amount actually proven for medical services in the sum of $47.

[8] The second proposition under this assignment complains of the verdict of the jury for $1,900 for diminished earning capacity as not being supported by the evidence, in that by plaintiff's own testimony he has been twice promoted since the accident, and with better pay. The third proposition under said assignment is a practical restatement of the same objection, in another form.

[9] The particular manner in which the accident occurred was as follows: The appellee was on his bicycle riding along Matamor-

as street in the city of Laredo, coming from the west to the east, when the appellant's car was carelessly and recklessly driven with great speed to the left of the middle of the street as he was driving from east to west, without giving any notice, alarm, or signal of his approach, driving west, suddenly turned the corner of Matamoras street and Juarez avenue, driving carelessly and negligently too close to the left from Matamoras street to Juarez avenue, without giving any notice of his approach or his intention to make the turn to the left, without signaling his intention to do so, and in thus running close to the left corner of such intersection of such streets ran into and over the appellee and his bicycle with such speed and force as to knock him down on the hard street, causing him to fall on his right side, face, and ear, thereby injuring, bruising, mashing, and mangling him; broke his collar bone and shoulder blade of the left side; bruised his back; mangled and dislocated and tore loose the tendon of his left and right arms and tore loose the tendon of his right and left hips and injured the hearing in his left ear; broke the left clavicle and left shoulder blade; bruised and dislocated and injured the bones and joint of appellee's left knee. His body was so bruised and mangled and injured as to render him a cripple for life; in other words, the injuries, some of them, are permanent. There was proof that the automobile was being operated at a rate of speed of twenty miles an hour when the collision occurred. Such were the facts concerning the negligence of appellant, and the nature of the injuries received by appellee in consequence. The jury found the facts correctly against appellant, and that he was guilty of negligence which was the proximate cause of the injury, because he was operating the car negligently as a matter of fact and guilty of negligence per se as a matter of law, in violating the law which regulates the use of motor vehicles upon the public highways, prescribing the manner in which same shall be driven in making turns. A very wise, humane, and necessary regulation it is for the protection of the public generally against careless and reckless drivers of cars, who disregard the person and rights of others, being possessed of the "speed mania" to such an extent as to render it unsafe and very dangerous for those who do obey the law and wisely and carefully travel over and across the streets in busy cities properly.

[10] As to his earning capacity and as to his diminished capacity to earn money in the future, it was further shown that he received 24¾ cents per hour as a car cleaner, and that the salaries were increased as car cleaner to approximately 45 cents per hour, and that at the time of the trial of this case he received about 45 cents per hour. He testified about having the promise of promotion to car repairer, and that at the time of his injuries the position of car repairer paid 58 cents per hour, and at the time of the trial of this case paid 67 cents per hour. The testimony shows his inability to do hard work since his injuries, corroborated by the testimony of the said two doctors, Lowery and Leal, reputable physicians. Mr. Bergeman, the car inspector, testified that the appellee was in the line of promotion to car repairer at the time of his injuries, and that appellee had provided himself so that he could receive the job by joining the union, which allowed him to make his application for that position of car repairer. Appellee was promised this position, and he would have received it had it not been for his injuries, and afterwards it was offered to him, and he could not accept it on account of his physical inability to do the work, which grew out of the injuries received. A fair calculation of appellee's earning capacity and his diminished capacity to earn money in the future because of such injuries to him convinces us that the verdict for $1,900 is not under the circumstances, excessive. Besides, it is not shown that the jury were in any respect improperly influenced to render the verdict for that sum, and we do not feel that we would be justified in disturbing it. Harris v. Hamilton (Com. App.) 221 S. W. 273; M., K. & T. Ry. Co. of Texas v. St. Clair, 21 Tex. Civ. App. 345, 51 S. W. 666; Dallas Consol. Elec. St. Ry. Co. v. Hardy, 86 S. W. 1053; M., K. & T. Ry. Co. of Texas v. Lasater. 53 Tex. Civ. App. 51, 115 S. W. 103; C., R. I. & P. Ry. Co. v. Long, 26 Tex. Civ. App. 601, 65 S. W. 882; G., C. & S. F. Ry. Co. v. McKinnell, 171 S. W. 1091; Id., 173 S. W. 937.

We have carefully considered all of appellant's assignments of error, and find no reversible error assigned, except as to the item of $400 for medical services, which appellee admits and remits the sum of $353 thereof. We therefore reform the judgment, by deducting the amount of the remittitur, and as thus reformed, the judgment of the trial court is affirmed.