## Missouri, Kansas & Texas Railway Company of Texas v. Charles P. St. Clair.

### Decided May 17, 1899.

**1. Depositions—Return—Envelope.**

The use by a notary in returning depositions of an envelope prepared for such use by attorneys is an adoption of the indorsements upon the envelope.

**2. Same—Evidence—Harmless Error.**

Permitting depositions to be read instead of bringing the witness into court to testify is not prejudicial error where the witness was subsequently placed upon the stand and testified and was cross-examined.

**3. Evidence—Relevancy.**

A competent witness in an action for personal injuries may testify to the width of cars of the kind which plaintiff testified he was climbing upon when he was injured.

**4. Witness—Impeaching—Hostility.**

Evidence that witnesses formerly in the employ of a party were discharged by it is inadmissible to show their hostility, in the absence of any testimony showing how recent or remote in point of time the discharge was.

**5. Practice on Appeal—Proposition in Brief Inapplicable.**

An assignment of error to the admission of certain evidence does not require notice where the proposition thereunder in the brief is inapplicable to such evidence.

**6. Evidence—Life Expectancy.**

Evidence of plaintiff's life expectancy is admissible in an action for personal injuries resulting in total disability and incapacity to do mental or physical labor.

**7. Damages—Standard for Measurement.**

The particular calling in which a person was engaged at the time of receiving personal injuries, or the wages he was then receiving, is not the standard of his damages, where he was an experienced railway man in many capacities, fitted when injured for employment in any of them, in good health, and with nothing to disqualify him.

**8. Charge of Court.**

The use of the word "naturally," in charging the jury that a servant assumes all risks ordinarily or naturally incident to his employment, is not objectionable.

**9. Evidence—Relevancy.**

Testimony in an action against a railroad company to recover damages for personal injuries, that the cars were moved after the accident, is admissible where there is evidence that after the accident there were no cars standing at the point by which the plaintiff could have been injured.

**10. Charge of Court—Negligence.**

The question of negligence vel non is one which the charge of court properly leaves entirely to the jury.

Appeal from Grayson. Tried below before Hon. Don A. Bliss.

*T. S. Miller* and *Head, Dillard & Muse,* for appellant.

*Wolfe & Hare,* for appellee.

JAMES, Chief Justice.—Action to recover damages for personal injuries.

We conclude as facts that plaintiff was injured through the negligence of defendant, without negligence on his part contributing to same, and that the damages awarded are not excessive.

There was no error in refusing to strike out the depositions of E. A. Boardman and Albert Smith, the indorsements upon the envelope having been made the act of the notary by his adopting them. It seems that the attorneys had prepared an envelope for use by the notary in returning the depositions, and it was used by the notary. Nor is any error shown by the second assignment, no injury appearing to have resulted to defendant. In regard to the third assignment, the court, upon the investigation made by it, did not err in permitting depositions to be read instead of having him brought into court to testify. However, no harm could possibly have been done defendant thereby, for at a later stage of the trial plaintiff went upon the stand and testified and was cross-examined by defendant. The same applies to the depositions of the witness Leonard, who it appears also was placed upon the stand and testified at length.

The fifth assignment is that the court erred in permitting the witness E. A. May to testify that the width of an ordinary car such as those in question was about 9 feet 11 inches. The objection made to this testimony was that it should have been directed to the width of the particular cars in question. The plaintiff testified that the car he was climbing upon when he was hurt was a flat coal car, that it was empty and medium sized. The witness May testified that the width of a medium coal car is about 9 feet 8 or 9 inches, correcting a previous statement in his testimony that he believed some of the coal cars were as wide as 9 feet 11 inches. We believe there was no error in admitting the testimony. Testimony of a competent witness of the width of cars of the kind testified to by plaintiff was proof thereof. No evidence was offered by defendant on the subject, although it had peculiar knowledge of the particular cars.

The sixth assignment is that the court refused to allow defendant to show by witness May (who testified that he in company with M. D. Chouquette made certain measurements of defendant's tracks at the place of the accident), that both he and Chouquette had been discharged by the defendant, for the reason that defendant was entitled to have it appear that the measurements were made by persons hostile to defendant. The court allowed the testimony offered as to the witness May, but Chouquette not being a witness in the case, as to him the testimony was not admitted. The position taken by appellant can not be sustained upon the ground of impeachment of Chouquette, for he was not a witness. The assignment, if sustained, must be upon the idea that defendant was entitled to show the full extent the measurements were made by persons sustaining a hostile relation to it, as affecting the credibility of the work shown to have been done by them. The question then is, would evidence that the witness and Chouquette "had formerly been in defendant's employ and had been discharged by it" be proper evidence of their hostility to defendant?

The proposed testimony would not have disclosed how recent or how remote in point of time the discharge was. We can find no case in which it has been held that from such fact alone a jury may properly conclude that the party was biased or hostile, and predisposed to give or make questionable testimony against another. The evidence sought to be elicited was too remote and uncertain for the purpose intended, and the court in our opinion did not err in excluding it. Gale v. Railway, 76 N. Y., 594.

The seventh assignment is that the court erroneously permitted plaintiff to prove by witness Taylor that the cars were moved after the injury to plaintiff. The proposition illustrates the point made thus: In a suit for damages alleged to have been occasioned by negligence in leaving a car on a track too close to another track, it is error to premit plaintiff to prove that soon after the accident such car so left standing on said track was moved and placed on some other point in the yard. The brief does not by this present any definite proposition. From the authorities cited it would appear that the principle is invoked that subsequent repairs at the place of the accident are not evidence of negligence existing at the time of the accident. The inapplicability of this rule to the evidence in question is apparent. We do not believe the manner in which this assignment is briefed requires it to be further noticed. The testimony, however, appears to have been proper in view of the testimony of a witness of defendant who testified in effect that after the acident he went to the place where there was blood (presumably where plaintiff was hurt), and there was no car standing at that point by which plaintiff could have been hurt.

The injury to plaintiff was shown by testimony to have resulted in total and permanent disability, and incapacity to do mental or physical labor. In view of this, it was not error to admit evidence of plaintiff's life expectancy.

By the tenth and eleventh assignments it is insisted, in effect, that in proving the earning capacity of a plaintiff suing for damages, evidence should be confined to his earning capacity in respect to the particular employment he was engaged in when injured. The evidence here is that plaintiff had been recently employed by defendant as a switchman. He had, as the evidence showed, been railroading for over twenty years, had worked during that time at braking, as fireman, as engineer, as master mechanic, and conductor, and was 37 years of age. He had served two years as a master mechanic, eleven years as an engineer, and five years as a fireman, and the remainder of the time he had put in as switchman, brakeman, and conductor. He testified that there was nothing that incapacitated him from filling any of these stations at the time he was injured. We think there is no rule making the particular calling in which a person was engaged at the time of his injury, or the wages he was then receiving, the fixed standard of his damages. There was testimony showing plaintiff to have been an experienced railroad man in many capacities, and fitted, when injured, for employment in any of them, in good health

and nothing to disqualify him. He was entitled to have these matters and the compensation of these various positions placed before the jury, to aid in determining the probable extent of his loss.

In reference to the charges:

We think there was no error in charging the jury that the servant assumes all risk ordinarily or naturally incident to his employment, the use of the word "naturally" being complained of.

Appellant's criticism of the first and seventh paragraphs of the court's charge (twelfth and fourteenth assignments) are not well taken. The court in said clauses left the question of negligence entirely to the jury.

The court properly refused to give the special charges to the effect that there was no evidence upon which to found a verdict for plaintiff.

The special charges referred to in the nineteenth, twentieth, and twenty-first assignments were substantially embraced in the charges given.

The twenty-second assignment is that there was no allegation in the petition that it was dark at the time of the accident, and therefore the court erred in refusing to give the special instruction to the effect that in determining negligence the jury would not take into consideration any evidence as to its being dark at the time, and also for the reason that if it was dark, plaintiff must have known the fact and would not be permitted to recover by reason thereof. The court gave no instruction in reference to light or darkness, and properly so, for the jury were the judges of negligence under all the circumstances. The petition did allege that at the time of the accident it was dark.

Our conclusions of fact dispose of the twenty-third, twenty-fourth. and twenty-fifth assignments. The judgment is affirmed.

*Affirmed.*

Writ of error refused.