EL PASO ELECTRIC RAILWAY COMPANY v. DAVID M. MURPHY.

Decided March 18, 1908.

### 1.—Trial—Objection to Evidence—Practice.

In a suit for personal injuries an objection to evidence as to the amount that plaintiff earned twenty years before the injury, in a different employment at a different place, that it is "too remote," is too vague and indefinite to require consideration on appeal. Only such objections as are made to evidence at the time it is offered can be considered on appeal.

### 2.—Damages—Personal Injury—Impairment of Earning Capacity.

Impairment of earning capacity is one of the elements which may be considered by the jury in estimating the damage one has sustained from a personal injury. The matter to be determined is not what the injured party was actually earning at the time of the injury, and the consequent diminution of that amount, but what amount he was capable of earning in any employment in any place at the time of the injury and the impairment of that capacity.

### 3.—Same—Evidence—Salary.

Evidence that one earned a salary of certain amount through a number of years before he was injured is admissible as tending to show what his earning capacity was when he was injured, provided it be further shown that he possessed the same qualifications when injured as when he earned such salary. The remoteness of the earnings would affect only the weight of the evidence.

### 4.—Personal Injury—Element of Damage—Loss of Time.

In a case of personal injury, the loss of time between the injury and the trial of the suit for damages is an element of damage which should be submitted to and considered by the jury.

Appeal from the 41st Judicial District, El Paso County. Tried below before Hon. J. M. Coggin.

*Leigh Clark* and *M. Nagle,* for appellant.—Evidence of what plaintiff earned in his business years before the accident to him, was no criterion or basis for damages to plaintiff, when the evidence showed that he had sold out his business, and lost his ship in the Galveston storm years before the accident, and abandoned his business and taken up his permanent residence in El Paso, an inland city, remote from wharves and ships, and the cotton belt, and there was no possibility of his engaging in any such business at or within reach of his permanent residence. Houston, etc., Ry. Co. v. Gee, 27 Texas Civ. App., 414; West Chicago St. Ry. Co. v. Maday, 58 N. E. Rep., 933; Boston & Albany Ry. Co. v. O'Reilly, 158 U. S., 334; Hewlett v. Brooklyn Heights R. Co., 71 N. Y. Sup., 533.

Damages incurred or money lost as wages or inability to attend to business in consequence of lost time being in the nature of special damages, the amount or value of it should be both alleged and proven, and there being no allegation as to the money value of the time lost from business or wages, and no evidence of the value of the same, it was error in the court to have submitted the same in effect to the jury. Texas, etc., Ry. v. Bucklew, 34 S. W. Rep., 166.

*McFarland & McFarland* and *Randolph Terry,* for appellee.—The

court did not err in admitting the testimony complained of under appellant's first assignment of error, because the same was one circumstance, taken in connection with other circumstances in evidence, that tended to prove and did prove appellee's general skill and capacity as a business man and his ability to earn money by his labor and in the various capacities and personal business enterprises in which he had been engaged. And said evidence was not to be taken as a measure of damages, for the jury might compensate appellee for lost time, even though there had been no proof of its value. Gulf, C. & S. F. Ry. Co. v. Brown, 4 Texas Civ. App., 437; Texas & P. Ry. Co. v. McDowell, 88 S. W. Rep., 415; Texarkana & Ft. S. Ry. Co. v. Tolliver, 84 S. W. Rep., 377; Missouri, K. & T. Ry. Co. of Texas v. Johnson, 37. S. W. Rep., 775; San Antonio & A. P. Ry. Co. v. Turney, 33 Texas Civ. App., 626; Missouri, K. & T. Ry. Co. v. St. Clair, 21 Texas Civ. App., 345.

NEILL, ASSOCIATE JUSTICE.—This is an appeal from a judgment of $8625 recovered by appellee for personal injuries inflicted by the negligence of the appellant.

The undisputed evidence shows that on May 21, 1906, while appellee was a passenger on one of appellant's street cars in the city of El Paso, the car collided with another car on the same track and he was thrown to the ground and seriously and permanently injured. There is no questioning the fact that his injuries were proximately caused by appellant's negligence. The only issue in the case is the amount of damages sustained in consequence of them, and we believe that the evidence is reasonably sufficient to support the verdict for the amount found.

*Conclusions of Law.*—1. In view of the principle that only such objections as were made in the trial court to its rulings in admitting evidence can be considered upon appeal, we are doubtful whether the first assignment of error, which complains of the court's refusal to exclude the testimony of plaintiff, in which he stated that for eight years prior to 1886 or 1888, while living in Corpus Christi, he drew a salary of $2000 a year as secretary of the Central Wharf & Warehouse Company, should be considered. When the witness had testified, as stated, counsel for the defendant thus addressed the court: "I would like to ask the court to exclude that, as being too remote—salary he earned in 1886 or 1888." Upon the court refusing the request, the exception to its ruling by defendant's counsel was as follows: "Except. Too remote, and further ground that it don't show any qualification at this time." The assignment complains that the court erred in not excluding the testimony "for the reason that said evidence was too remote, and did not show, and could not show, any qualification or capacity of plaintiff at this time, and for the reason it did not appear that there were any wharves at El Paso, where plaintiff had been permanently domiciled for more than four years last past; but it did appear that plaintiff did not contemplate again entering into such employment, and it did not appear that such employment was, could or would be thereafter open to plaintiff at or near his permanent residence in the city of El

Paso; and for the further reason that evidence as to what plaintiff was earning twenty years past was too remote, and could not tend to show what plaintiff's earning was at the date of said accident." If the reasons, thus insisted upon as showing error in the court's ruling, do not lie in the exceptions taken by defendant's counsel to it or can not be reasonably implied from them, we think it would be unfair to the trial court, as well as unjust to the plaintiff, to urge them here. The phrase "too remote" is not ordinarily used in objecting to the admissibility of evidence, nor employed by writers upon the subject as indicating a ground for its exclusion. "Too remote" for what? It may be perceived now, from appellant's brief, that it is intended that the words "too remote" shall be taken as embodying the objection that the time and place where plaintiff earned the $2000 salary are too distant in time and space from where he was injured for the testimony to have any relevancy to the issue as to the impairment of his earning capacity by reason of his injuries. And this may have been the intention of counsel by their use in making the objection. But they were hardly sufficient to convey such meaning to the court or to anyone else. Be this as it may, the objection to the testimony can not be extended beyond such meaning, and in disposing of the assignment it will be considered that such was appellant's meaning intended to be expressed by the objection to the testimony.

A loss or impairment of earning capacity is one of the elements which may be considered by the jury in estimating the damages one has sustained from a personal injury. And in order that it may be considered for that purpose, there must be some evidence tending to show what such capacity of the injured party was before its loss or impairment. Where one's earning capacity is not destroyed but only impaired, the damages he has sustained can be best shown by what he was capable of earning before he was injured and what he was capable of earning afterwards, and the difference will indicate the damages he has sustained. It must be observed that the matter to be determined is not what he actually earned before his injury, but what his earning capacity actually was, and to what extent that *capacity* has been impaired. For whatever capacity he had for earning money before the injury, whether he exercised it or not, was his, and he was entitled to it unimpaired by injury wrongfully inflicted by another. One who has impaired the earning capacity of another, when called upon to redress the wrong, can not be heard to say: "You had ceased to use your capacity to earn money when I injured you, and would not have exercised it again had you not been injured." One's earning capacity is property, and in some instances all he has, and he can no more be deprived of it without just compensation than he can of tangible property. It would certainly be no defense to an injury of tangible property that its owner had ceased to use it and would not, had it not been injured, ever have worked with it any more. It is a matter of no concern to anybody else whether one uses or intends to use his property for the purpose of earning money or not. It is his, and it is the duty of the State to protect him in it, unimpaired from injury by the

wrongs of another; or to compel him, who has wrongfully impaired the value of its capacity for use, to compensate the owner for such impairment. For these reasons the appellee was entitled to recover from the appellant the difference between the value of his earning capacity before and after it was impaired by the injury wrongfully inflicted by the appellant. After he moved from Corpus Christi to El Paso he did not engage in any kind of business, and maybe did not, up to the time of his injury, have any intention of doing business there; but this, as we have seen, did not deprive him of the right to compensation for the impairment of his capacity to earn money, if he had such capacity, caused by the injuries inflicted by appellant's negligence. To ascertain what that capacity was *ex necessitate rei,* could only be proved by showing the kind of business he was employed in before he moved from Corpus Christi to El Paso and what he earned from such employment.

Before the testimony, which is the subject of this assignment, was given, he had testified, without objection, that before he came to El Paso he had lived in Corpus Christi, where he had been engaged for a long time in the hide and wool business, commission and warehouse business, was manager of a steamship company, secretary of a railroad company for several years and secretary of the Board of Trade; that he had made, on an average, for twenty-five years, about $5000; but that for the last four or five years, business in these had run down considerably and that he didn't think it would estimate over $3000, probably $3000, for the last two years, and that the $2500 to $3000 the last two years he was in business in Corpus Christi, referred to the wool and hide business, salary and everything. We will remark in passing that as this testimony embraces that complained of by the assignment, its admission without objection would seem to render the assignment unavailing. For had the objection to the testimony, which it complains of, been sustained, testimony to the same effect uncomplained of would still have been before the jury.

It was shown by the testimony of the plaintiff that his business capacity from the time he came to El Paso up to the time he was injured was as good as it was when he was engaged in business in Corpus Christi. This, in connection with the testimony recited; would tend to show what his earning capacity was just before his injury. The fact that his capacity could not have been employed in the same business in El Paso that it was in Corpus Christi, did not affect or lessen it; for if his testimony was true, it existed there unimpaired just as it did before he moved from Corpus Christi. And if he had chosen to employ it in the conduct of such business he would have been free to carry it where such business and employment could be found. If, then, while he was in Corpus Christi, he had the capacity of earning a salary of $2000 as secretary of a wharf and warehouse company, and his capacity for conducting such a business just before his injury was the same as then, we can not perceive that the remoteness of time and space where he drew such salary, from where he was injured would render the testimony complained of inadmissible. It might not have the same probative force

that it would had it been shown that he was earning a salary of that sum at the time his injuries were inflicted. But that would go to the weight of the evidence, to be determined by the jury, rather than its relevancy, to be decided by the court.

Loss of or impairment of earning capacity is not always easy of calculation; it involves an inquiry into the value of the labor, physical or intellectual, of the person injured, before the accident happened to him, and the ability of the same person to earn money by labor, physical or intellectual, after the injury was received. Any evidence reasonably tending to show, either by itself or in connection with other evidence, what loss or impairment of such capacity has been sustained by the injured party, is relevant to the issue. While evidence of "profits," which represent the net gain made from an investment or from the prosecution of some business, is not admissible for the purpose of proving "earnings," which is the fruit or reward of labor—the price for services performed—yet such evidence is admissible as tending to show possession of business qualities, from which the value of "earning capacity" may be deduced. (Goodhart v. Pennsylvania Ry., 177 Pa., 1, 35 Atl. Rep., 191.) A salary, however, is earnings; for it is the direct fruit (or is supposed to be) of labor, and evidence that one earned a salary of a certain amount, though years before he was injured, if it be shown that he possessed the same qualities just before he was injured as he did when he made such earnings, is, we think, admissible as tending to show what his earning capacity was when he was injured, its weight and probative force to be determined by the jury. For all evidence tending to show the character of the injured party's ordinary pursuits and the extent to which the injury complained of prevented him from following those pursuits is pertinent to the issue of impairment of earning capacity. Dist. of Columbia v. Woodbury, 136 U. S., 450, 34 L. ed., 472.

2. What we have said in passing upon the first assignment of error applies to the second, third, fourth, fifth, sixth and seventh, and they are likewise overruled.

3. The charge upon the measure of damages, complained of by the eighth assignment of error, is such as has been frequently upheld. Industrial Lumber Co. v. Bivens, 105 S. W. Rep., 835; Missouri, K. & T. Ry. v. Box, 93 S. W. Rep., 138; International & G. N. Ry. v. Wray, 43 Texas Civ. App., 380; Texas & P. Ry. v. McDowell, 40 Texas Civ. App., 28. There being evidence tending to show that, by reason of his injuries, appellee was incapable of earning anything from the date of his injuries up to the time of trial, and evidence tending to show what his earning capacity was prior to his injuries, we think the loss of time during that period was properly submitted as an element of damages. For the same reason we overrule the ninth, tenth, eleventh and twelfth assignments of error.

4. What we have said in discussing the first assignment disposes of the thirteenth, fourteenth, fifteenth, sixteenth and seventeenth assignments of error, which complain of the refusal of certain special charges requested by appellant, to the effect that if plaintiff was not engaged in business and had permanently retired therefrom when

he was injured, he could not recover either for loss of time or impaired earning capacity.

5. Our conclusions of fact dispose of the remaining assignments of error, which complain that the verdict is excessive and without sufficient evidence to support it, adversely to appellant.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.