SAN ANTONIO, U. & G. R. CO. v. MOYA.
(No. 5404.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1915. Rehearing Denied Feb. 24, 1915.)

1. RELEASE ⊚⟺58 — VALIDITY — JURY QUESTION.

Where an injured servant attacked the validity of a purported release, his testimony that he did not sign the instrument was in itself sufficient to take that question to the jury.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 109–114; Dec. Dig. ⊚⟺58.]

2. NEGLIGENCE ⊚⟺101—INJURIES TO SERVANT —CONTRIBUTORY NEGLIGENCE—MITIGATION OF DAMAGE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 6649, a railroad company, guilty of negligence, cannot escape liability for injuries to a servant because of the servant's own contributory negligence; his negligence merely mitigating damages.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ⊚⟺ 101.]

3. RELEASE ⊚⟺57 — VALIDITY — CONSIDERATION.

An obviously inadequate consideration in itself tends to show that an injured servant did not sign a release.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106–108; Dec. Dig. ⊚⟺57.]

4. TRIAL ⊚⟺133 — ARGUMENT OF COUNSEL — IMPROPRIETY.

Argument by the attorney of a servant, whose foot was crushed under a car, that a purported release, reciting a consideration of $1, was obviously invalid, because the consideration would not even have paid for the servant's shoe, is not so inflammatory as to invalidate a verdict, particularly where the court erroneously charged the jury to disregard it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. ⊚⟺133.]

5. DAMAGES ⊚⟺132 — PERSONAL INJURIES — SUFFICIENCY.

An award of $5,000 in favor of a common Mexican laborer, whose foot was crushed under the wheels of a car, so that the major portion had to be amputated, and he could only walk on the heel, is not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. ⊚⟺ 132.]

Appeal from District Court, Zavala County; R. H. Burney, Judge.

Action by Ilario Moya against the San Antonio, Uvalde & Gulf Railroad Company, through its receiver, Duval West. From a judgment for plaintiff, defendant appeals. Affirmed.

Williams & Hartman, of San Antonio, for appellant. Geo. C. Herman, of Batesville, and C. C. Harris and Arnold, Cozby & Peyton, all of San Antonio, for appellee.

KEY, C. J. This suit was instituted by appellee against appellant, through its receiver, Duval West, to recover damages arising from injuries inflicted upon him through the negligence of appellant. It was alleged that, before the railroad company went into the hands of a receiver, appellee was injured through the negligence of appellant, which consisted in propelling a car over his foot while he was engaged in coupling cars which refused to couple automatically; that, while engaged in arranging the coupler so that it would couple, the cars were moved without a signal upon him and hurt his foot so that it had to be amputated; that the car was not equipped with a coupler that would couple by impact, but could only be coupled by going between the cars. The cause was tried by jury and resulted in a verdict and judgment for appellee in the sum of $10,000. The court required a remittitur of $5,000, which was entered.

Appellee was an employé of appellant, and was ordered by his foreman, who was in charge at the time of an engine belonging to appellant, to go with him to get a car of coal. Appellee was to do the coupling and uncoupling. The engine, with two empty coal cars, moved to where the car of coal was standing. When the empty cars were backed against the coal car, the impact did not couple the cars, and appellee gave a signal to the engineer to go forward a little, and when that was done he went between the cars to fix the coupler. While so engaged, without warning, the cars were moved back against him, crushing his foot. Part of the foot was amputated, and appellee was rendered a cripple for life. While on the train the morning after the injury was inflicted, a written release of damages was presented to appellee by an agent of appellant, and a dollar was given him, which was the consideration mentioned in the release. When hurt, appellee was trying to push the coupler on the car of coal into place so it would couple. It could not be put in place by any appliance on the car.

[1] The first assignment of error is overruled. Appellee swore that he did not sign the release, and that was sufficient to justify the submission of the issue of his signing it to the jury. Appellant in its statement quotes the testimony of appellee, which is a

complete answer to the assignment. Appellee swore:

"As to whether this is my signature, it is my name, but not my signature. I will swear that I did not sign this release."

This statement may have been inconsistent with other portions of appellee's testimony, but that did not prevent it from raising the issue as to the signature.

[2] The second, third, and fourth assignments of error are overruled. The court gave the proper charge on comparative negligence, and the special charge requested by appellant did not embody the law. The comparison of the degree of negligence of the parties merely goes to the amount and could not destroy the right of the plaintiff to recover as long as the defendant was guilty of any negligence that, concurring with that of the plaintiff, caused the injury. If appellee was guilty of more negligence than appellant, that did not destroy his cause of action, but merely decreased the amount of his recovery in the same proportion that his negligence bore towards the whole of the negligence. For instance, if appellee's negligence was one-fourth of that of the whole negligence, he could recover only three-fourths of the compensation he would recover if not guilty of any contributory negligence. If the negligence of each was equal, he would recover one-half of the compensation, and of course, if his negligence alone produced the injury, he would recover nothing. The statute in terms provides:

"That the fact that an employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé."

The law does not contemplate that any amount of contributory negligence should completely destroy the cause of action of an injured employé of a common carrier, but merely decrease his compensation for his injuries. In other words, the railroad company cannot escape liability for the payment of some amount if its negligence in any degree concurred with the negligence of the injured employé in producing the result. Vernon's Sayles' Stats. art. 6649; Railway v. Sample, 145 S. W. 1057.

Our conclusions of fact dispose of the fourth and eighth assignments adversely to appellant. There was evidence to sustain the verdict.

[3] The evidence of appellant showed that the release was obtained at a time when appellee was, on account of his suffering and opiates he had taken, incapacitated to make a contract. The very consideration named in the release tends to show that the party executing it was ignorant of its contents. Sutherland, Damages, § 255. In this case the consideration was recited to be $1. Appellee is a Mexican and cannot read English. The sixth assignment will not be sustained.

[4] In his closing argument to the jury counsel said:

"While the plaintiff was on the train going to San Antonio, only a few hours after his injury, the claim agent came to him and said to him; 'Here, sign this paper, and we will give you $1 after a while. You haven't got any right anyway.' Why, gentlemen of the jury, a dollar would not have paid for his shoe."

The argument was objected to by appellant because fraud or duress had not been pleaded, and because it was "highly inflammatory and prejudicial." We think the argument was permissible, but the trial judge did not think so, and instructed the jury not to consider it, and the attorney who made the argument also asked the jury not to consider it. Appellant has no cause for complaint. The jury must have been in a highly excited condition to have been so wrought up by the language copied as to have been led by it into passion and prejudice in rendering their verdict. The seventh assignment is overruled.

[5] If there was excess in the verdict, it was cured by the trial court requiring a remittitur of one-half of the amount. Appellee may be, as stated by appellant, "a common Mexican laborer," but he is entitled to compensation for the maiming of his foot in such way as to render him a cripple for life. He lost over half his right foot, and is compelled to walk on the heel of his foot.

The judgment is affirmed.