SAN ANTONIO, U. & G. R. CO. v. GREEN et al. (No. 5572.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 5, 1916. Rehearing Denied Feb. 2, 1916.)

1. DAMAGES ⚫173 — PERSONAL INJURIES — EVIDENCE — ADMISSIBILITY — PECUNIARY CONDITION.

A brakeman suing for injuries in coupling cars could show the amount he was capable of earning, and had earned with other companies in the past.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490–492, 501; Dec. Dig. ⚫173.]

2. DAMAGES ⚫166 — PERSONAL INJURIES — EVIDENCE—ADMISSIBILITY—PAIN AND SUFFERING.

In a brakeman's suit for injuries in coupling cars, evidence as to what was done to his injured leg after the accident was admissible to show his pain and anguish.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 478, 479, 481; Dec. Dig. ⚫166.]

3. TRIAL ⚫253 — INSTRUCTIONS — IGNORING ISSUES.

In a brakeman's action for injuries in coupling cars, a requested instruction denying his right to recover, if he was contributorily negligent, whether the defendant was negligent or not, was properly refused, since it ignored the state and federal statutes on comparative negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ⚫253.]

4. APPEAL AND ERROR ⚫1033—ERROR FAVORABLE—INSTRUCTIONS.

In a brakeman's action for injuries in coupling cars, where the court instructed that if the injury resulted from plaintiff's negligence he could not recover, defendant could not complain of the refusal of his requested instruction that plaintiff could not recover if he was negligent whether defendant was negligent or not; the instruction given being more favorable than defendant was entitled to have.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ⚫1033; Trial, Cent. Dig. § 587.]

5. MASTER AND SERVANT ⚫289—INJURIES TO SERVANT—VIOLATION OF RULES—QUESTION FOR JURY.

In a brakeman's action for injuries in coupling cars, it is not error to refuse a requested instruction making it negligence for the brakeman to disobey a company rule; such a rule not having the effect of a statute, and its violation not being negligence per se.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. ⚫289.]

6. APPEAL AND ERROR ⚫1033 — ERROR FAVORABLE—INSTRUCTIONS.

In a brakeman's action for injuries in coupling cars, where the court charged that he could not recover if his negligence caused the injuries, defendant could not complain of the refusal of its requested charge on comparative negligence, which was less favorable than the charge given.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ⚫1033; Trial, Cent. Dig. § 587.]

7. NEGLIGENCE ⚫101—INJURIES TO SERVANT—LIABILITY OF MASTER—COMPARATIVE NEGLIGENCE.

A brakeman's action for injuries in coupling cars cannot be wholly defeated by a showing of his greater comparative negligence, unless his negligence alone caused the injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ⚫101.]

8. MASTER AND SERVANT ⚫203—INJURIES TO SERVANT — ACTIONS — DEFENSES — ASSUMPTION OF RISK.

Assumption of risk causing his injury will defeat an injured brakeman's action for damages for the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. ⚫203.]

9. NEGLIGENCE ⚫101—INJURIES TO SERVANT—ACTIONS—DEFENSES—CONTRIBUTORY NEGLIGENCE.

Contributory negligence of a brakeman will not defeat his action for the injuries received in coupling cars, where the company was also negligent, but merely reduces the amount of his recovery.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ⚫101.]

10. DAMAGES ⚫132 — PERSONAL INJURIES—EXCESSIVE DAMAGES.

A verdict of $18,000 damages for loss of a brakeman's leg while coupling cars is not excessive merely on the ground of comparative negligence, where intense suffering is shown, and plaintiff is a young man, especially where a proper instruction on contributory negligence was given and the jury absolved him of such negligence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. ⚫132.]

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

Error from District Court, Bexar County; S. G. Tayloe, Judge.

Action by T. H. Green against the San Antonio, Uvalde & Gulf Railroad Company, in which Duval West was made a party by amendment pendente lite, as receiver for the defendant company. From a judgment for plaintiff, defendant brings error. Affirmed.

Williams & Hartman, of San Antonio, for plaintiff in error. C. C. Harris, Perry J. Lewis, Champe G. Carter, Randolph L. Carter, and H. C. Carter, all of San Antonio, for defendants in error.

FLY, C. J. This is a suit instituted by T. H. Green, originally against the plaintiff in error, but afterwards amended to make Duval West a party who had pendente lite been appointed receiver of the railroad by the federal District Court, to recover damages alleged to have accrued to said Green by reason of the negligence of said railroad company in crushing his right leg between two cars, while he was engaged in making an air coupling, which it was his duty to make, as a brakeman, in the employ of plaintiff in error. Plaintiff in error pleaded assumed risk and contributory negligence. The cause was tried by jury, resulting in a verdict and judgment in favor of Green as against plaintiff in error in the sum of $18,000, and against Green as to the receiver.

The evidence justifies the conclusion that T. H. Green was permanently disabled through the negligence of plaintiff in error, in backing a car upon him while he was engaged in the duty of coupling two cars. He was not guilty of contributory negligence and did not assume the risk.

[1] The first assignment of error is overruled. Green showed that he was a railroad brakeman, and it was proper for him to show what he had received when he worked, as a brakeman, for another railway company. As to that part of the assignment relating to what is denominated "the standard wage," there is nothing in the record to show that any such evidence was admitted. Evidence as to what a man was capable of earning and had actually earned in the past and with other companies would be permissible. Railway v. St. Clair, 21 Tex. Civ. App. 345, 51 S. W. 666; Railway v. Murphy, 49 Tex. Civ. App. 586, 109 S. W. 489; Wells-Fargo Co. v. Benjamin, 165 S. W. 120.

[2] The second assignment of error attacks the action of the court in permitting any testimony as to what was done to Green's leg after the accident. There is no merit whatever in the assignment. The testimony did not tend to establish a different case from that alleged, and was perfectly legitimate to show the pain and anguish that was suffered by the injured party. The assignment of error is overruled.

[3, 4] Through the third assignment of er-

ror the plaintiff in error assails the action of the court in refusing to give a special charge presenting contributory negligence on the part of Green. The charge required a verdict for plaintiff in error regardless of whether it was guilty of negligence or not, ignoring the state and federal statutes on comparative negligence, and was properly refused. At the request of plaintiff in error, the court did instruct the jury as follows:

"You are instructed that, if you believe from the evidence that the injury to the plaintiff was caused by his own negligence, then you will return a verdict for the defendant."

Plaintiff in error in that instruction obtained more than it was entitled to under the law, and cannot be heard to complain that the error in its favor was not repeated.

[5] The fourth assignment of error complains of the refusal to give a charge in which it was made negligence on the part of the brakeman to disobey a rule formulated by plaintiff in error. The charge did not embody the law. It is not negligence per se to violate a rule promulgated by a railroad corporation. The rules of a railway corporation do not have the effect of the statutes of a commonwealth. Railway v. Bodie, 32 Tex. Civ. App. 168, 74 S. W. 100; Railway v. Allen, 48 Tex. Civ. App. 66, 106 S. W. 441. The charge was in other respects on the weight of the evidence.

[6, 7] The charge on comparative negligence, the rejection of which is complained of in the fifth assignment of error, is in direct conflict with a charge herein copied which was requested by plaintiff in error and given by the court. We fail to see how plaintiff in error could be injured by a refusal to give a charge which, in case of negligence of plaintiff in error greater than that of Green, might permit a verdict against it, when one was given which absolutely precluded Green from a recovery if he was guilty of any contributory negligence. Plaintiff in error presented irreconcilable charges on negligence to the court, and there is no ground for complaint that all were not given, and especially in face of the fact that the court selected the most favorable charge to it and gave it to the jury. The question of whether the negligence of the injured party was the proximate cause or in any way contributed to his injury was completely ignored in the charge. The charge failed to give the proper definition of "comparative negligence." The injured party could not be deprived of all damages because his negligence was greater than that of the railway company. In order to defeat a recovery under the rule of comparative negligence, the contributory negligence must be the sole cause of the accident. Pope v. Railway (Sup.) 155 S. W. 1175; Railway v. Moya, 173 S. W. 608. In the last-cited case the opinion was written by the Chief Justice of this court, although credited in the report to the Chief Justice of the Third Court of Civil Appeals.

[8, 9] The sixth assignment of error is over-

ruled. The contributory negligence of the injured party did not preclude a recovery. Assumed risk would preclude such a recovery, and the court so informed the jury in his main charge. In a special charge requested by plaintiff in error, the jury was told that Green could not recover if he was guilty of contributory negligence, and under the two charges the jury must have found that he did not assume the risk and was not guilty of contributory negligence. Contributory negligence is not a defense for a railroad company, when it is also guilty of negligence; it merely lessens the damages. This phase of the matter was properly presented in the charge of the court, and the rule of comparative negligence properly given.

[10] The verdict is claimed to be excessive merely on the ground of comparative negligence on the part of Green. The jury found that he was not guilty of contributory negligence, and therefore the contention is without foundation or basis. The court instructed the jury:

"However, if you find from the evidence that plaintiff was guilty of contributory negligence, as alleged by the defendant, then such contributory negligence will not defeat his recovery; but the damages which you may award the plaintiff should be diminished in proportion to the amount of negligence, if any, attributable to the plaintiff."

Of course, that charge was based upon the hypothesis of a finding that plaintiff in error had been guilty of negligence which resulted in injury to Green. No request was made for an instruction that, if the contributory negligence of Green was the sole cause of the injury, he could not recover. Under the facts, the verdict was not excessive. Defendant in error Green, a young man, is maimed for life, and suffered, and is suffering, greatly.

The judgment is affirmed.