SAN ANTONIO, U. & G. R. CO. v. GAL-
BREATH et al. (No. 5655.) *

(Court of Civil Appeals of Texas. San Antonio.
April 12, 1916. Rehearing Denied
May 10, 1916.)

1. APPEAL AND ERROR ☞742(1) — ASSIGN-
MENTS OF ERROR—STATEMENTS.
Where assignments of error were not fol-
lowed by statements showing that the special
exceptions were ever acted upon, it will be pre-
sumed the exceptions were abandoned below,
and they will not be considered on appeal.
[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. ☞742(1).]

2. EVIDENCE ☞471(24) — OPINION OF WIT-
NESS—CONCLUSIONS.
In an action for the death of a brakeman,
evidence that after the accident he answered
that he was hurt, and that the accident was
caused by the failure of those in charge of a
car to set the brakes, so it rolled down an in-
cline and caught him, is not objectionable as a
conclusion of the brakeman.
[Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 2195; Dec. Dig. ☞471(24); Wit-
nesses, Cent. Dig. §§ 834, 988.]

3. TRIAL ☞85—OBJECTIONS—EVIDENCE—AD-
MISSIBILITY.
As the evidence was in part admissible, a
general objection to the whole that it was a con-
clusion cannot be sustained.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 222–225; Dec. Dig. ☞85.]

4. EVIDENCE ☞471(11)—OPINION EVIDENCE
—CONCLUSIONS.
In such case, an experienced brakeman
could testify that it would not have taken a
competent brakeman any length of time to have
stopped the car, as it was rolling down the in-
cline; such testimony not being objectionable
on the ground that it was a conclusion on the
law and the facts.
[Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 2161; Dec. Dig. ☞471(11).]

5. APPEAL AND ERROR ☞742(1) — ASSIGN-
MENTS OF ERROR—BILLS OF EXCEPTION.
The appellate court is not required to go
further than to consult the statement under the
assignment of error, and need not examine the
record.
[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. ☞742(1).]

6. DEATH ☞67 — DAMAGES—EVIDENCE—AD-
MISSIBILITY.
In an action for the wrongful death of
plaintiff's husband, evidence as to his earnings
in the past, and his earnings from time to time,
is admissible.
[Ed. Note.—For other cases, see Death, Cent.
Dig. § 88; Dec. Dig. ☞67.]

7. MASTER AND SERVANT ☞274(9)—INJURIES
TO SERVANT—ACTIONS—EVIDENCE.
In an action for the death of a brakeman
killed while between two cars to make a cou-
pling, the automatic coupler having failed to
work, evidence as to how a brakeman would
open a knuckle in adjusting it to make a cou-
pling is admissible.
[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 949; Dec. Dig. ☞274
(9).]

8. APPEAL AND ERROR ☞237(5)—PRESENTA-
TION OF GROUNDS OF REVIEW IN COURT BE-
LOW—NECESSITY.
Where the record disclosed no motion on the
part of defendant to direct a verdict at the close
of plaintiff's case, the question whether it would
have been proper to direct such verdict cannot
be reviewed on appeal.
[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. ☞237(5).]

9. MASTER AND SERVANT ☞286(33), 289(33)—
INJURIES TO SERVANT—JURY QUESTION.
In an action for the death of a brakeman
killed while between cars to make a coupling,
the questions of the railroad company's negli-
gence and the brakeman's freedom from negli-
gence held for the jury.
[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1020, 1125; Dec. Dig.
☞286(33), 289(33).]

10. MASTER AND SERVANT ☞129(6) — INJU-
RIES TO SERVANT—NEGLIGENCE.
Where a railroad company did not properly
set the brakes on a car or secure it, and it ran
down an incline, causing the death of a brake-
man, the act of the company was negligence, re-
gardless of what set the car in motion.
[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 262; Dec. Dig. ☞129
(6).]

11. NEGLIGENCE ☞101—CONTRIBUTORY NEG-
LIGENCE—EFFECT.
Under Rev. St. 1911, art. 6649, declaring
that, in actions brought against any common
carrier or railroad company for personal inju-
ries or death, the fact that the employé may
have been guilty of contributory negligence will
not bar recovery but damages shall be diminish-
ed in proportion to the amount of negligence
attributable to the employé, the contributory
negligence of a railroad employé will not bar all
recovery, but will merely diminish recovery.
[Ed. Note.—For other cases, see Negligence,
Cent. Dig. §§ 85, 163, 164, 167; Dec. Dig. ☞
101; Damages, Cent. Dig. § 371.]

12. MASTER AND SERVANT ☞295(1) — INJU-
RIES TO SERVANT—ASSUMED RISK.
Where the rules of a railroad company
forbade employés going between cars, the act of
a brakeman in going between cars to effect a
coupling, the automatic couplers having failed to
work, was contributory negligence, if anything,
and does not raise the question of assumed risk.
[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. §§ 1168, 1169, 1179; Dec.
Dig. ☞295(1).]

13. APPEAL AND ERROR ☞1067—REVIEW—
HARMLESS ERROR—INSTRUCTIONS.
Where no judgment was asked or given
against the receivers of a railroad company, the
refusal of a special charge to return a verdict
for the receivers was harmless.
[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4229; Dec. Dig. ☞1067.]

14. TRIAL ☞191(10)—INSTRUCTIONS—ASSUM-
ING FACTS—CONTRIBUTORY NEGLIGENCE.
In an action for death of a brakeman,
where, though there was a total absence of evi-
dence to show contributory negligence, that is-
sue was submitted, the refusal of a special
charge assuming that if deceased placed himself
in a more hazardous position than was neces-
sary he was guilty of contributory negligence
was proper, as it was for the jury to draw such
inferences.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 429, 430; Dec. Dig. ☞191(10); Neg-
ligence, Cent. Dig. § 359.]

15. APPEAL AND ERROR ☞742(1)—ASSIGN-
MENTS OF ERROR—CONSIDERATION.
In an action for the wrongful death of a
brakeman, an assignment complaining that the
verdict was excessive because of the brakeman's
contributory negligence will not be considered
where there was no statement on which to base

the assignment, for the appellate court will not search the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742 (1).]

16. TRIAL ☞133(2)—ARGUMENT OF COUNSEL —IMPROPRIETY.

In a personal injury action, where counsel for plaintiff was each time stopped before he made any improper argument and nothing actually improper was brought before the jury, the attempted improprieties are no ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. ☞133(2).]

17. APPEAL AND ERROR ☞877(4)—REVIEW—HARMLESS ERROR.

In an action for the death of a railroad brakeman, brought by his father, his wife, and minor child, the court directed a verdict against the father, and, though the jury failed to so find, entered judgment against the father. *Held* that, where the father did not complain, the railroad company could not complain of the matter on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3567; Dec. Dig. ☞877(4).]

18. TRIAL ☞168—DIRECTION OF VERDICT—RIGHT OF COURT.

Where plaintiffs had no cause of action against two of the defendants, and one of the plaintiffs had no cause of action, the court may dispose of such parties by directed verdict without submitting the matter to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 376–380; Dec. Dig. ☞168.]

Appeal from District Court, Zavala County; R. H. Burney, Judge.

Action by Mittie Galbreath and others against the San Antonio, Uvalde & Gulf Railroad Company. From a judgment for plaintiffs, except John Galbreath, defendant appeals. Affirmed.

Williams & Hartman, of San Antonio, for appellant. George C. Herman, of Batesville, J. O. Rouse, of Carrizo Springs, and Magus Smith, of Pearsall, for appellees.

FLY, C. J. Mittie Galbreath and R. C. Galbreath, the widow and minor son of W. C. Galbreath, deceased, and John Galbreath, his father, instituted this suit to recover damages from appellant and two receivers for negligently causing the death of said W. C. Galbreath, by causing a car to strike two cars between which deceased had gone to couple them; the automatic coupler failing to act. Appellant pleaded contributory negligence and assumed risk. The cause was tried by jury, and a verdict returned in favor of Mittie Galbreath and R. C. Galbreath, each for $10,000. Upon that verdict judgment was rendered for Mittie Galbreath and R. C. Galbreath in the sums found by the jury, and that John Galbreath recover nothing by his suit, and in favor of the receivers.

The evidence discloses that W. C. Galbreath, while in discharge of his duties as brakeman, came to his death through the negligence of appellant, in allowing an uncontrolled car to move along the track and come in collision with two cars between which deceased was working.

[1] The first seven assignments of error are not followed by statements showing that the special exceptions, which it is contended should have been sustained, were ever acted upon by the court, and doubtless a good reason for not making such statement is the fact that the record fails to show any action by the court on the special exceptions. Without such showing, this court must assume that the exceptions were abandoned by the appellant, and that the court did not consider them.

[2, 3] The eighth assignment of error complains of testimony showing what the deceased said immediately after he was injured. The testimony was that deceased was asked if he was hurt, and he replied, "Yes; I am hurt." Then he was asked how he was hurt, and he said "that the brakeman did not set the brake on the other car, and it rolled down and caught him." The assignment of error is not followed by a statement showing the grounds of objection, and the proposition has other and different objections from those set out in the assignment and the bill of exceptions, which we concluded to consult. The only objection to the declarations of the injured man was because they were purely his conclusions, as he didn't know the facts. The objection was urged to the whole of the declarations, and clearly could not possibly have any force as to that part that he was hurt. That was not a conclusion. Nor do we think the other part of the declaration was, although deceased may not have known how the accident occurred. He was stating the way in which he was hurt, in answer to a question, as a fact, although it may not have been a fact. If any portion of the answer or a witness or contents of a writing is proper testimony, an objection to the whole of it will not be sustained; but in order to obtain the benefit of an objection it must be applied to the particular part of the testimony that is objectionable. Railway v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894; Railway v. Powell, 38 Tex. Civ. App. 157, 86 S. W. 21; Stubbs v. Marshall, 54 Tex. Civ. App. 526, 117 S. W. 1030; Sanford v. Finnigan, 169 S. W. 624. It was undisputed that the brakes were not set, and that the car did roll down as stated by deceased.

[4] The ninth assignment of error is based on a bill of exception that shows objection to the statement of a witness that it would have taken an ordinarily competent brakeman about a minute to have stopped the car as it ran down the incline toward the place of the accident; the objection being that the statement "was a conclusion of the witness on a question of law and fact." What question of law there is in the testimony is not designated, and it does not appear that the witness was not an expert and fully competent

to testify as to the matter concerning which he was questioned. There is nothing in the assignment, proposition, or statement that points out any error in the admission of the testimony. On the other hand, the statement of facts shows that the witness was an experienced brakeman who had been working at his vocation for 20 years.

[5, 6] Mittie Galbreath stated that her husband "would make $65, $70, $75, or $80," and the assignment of error shows that she was asked "how high had he made?" and that counsel for appellant then said: "We object to that; the proposition that a man might have made a good sum is no criterion; we won't object to her stating what his actual earning capacity was." Of course, there is nothing tangible in the objection. The statement made under the assignment merely refers to the record, and this court is under no duty to consult the record to find what the bill of exceptions contains, although we have consulted the record and find that the only objection urged to the testimony was "that fact that a man might have made a good sum at one time is no criterion." This seems to have been aimed at testimony, which the assignment shows came after the objection, as to how much deceased had made with another railroad company. The evidence was admissible, even though the objections had been definite and certain. Railway v. St. Clair, 21 Tex. Civ. App. 345, 51 S. W. 666; Railway v. Murphy, 49 Tex. Civ. App. 586, 109 S. W. 489; Railway v. Green, 182 S. W. 392.

[7] Upon what theory the evidence as to how a brakeman would open a knuckle in adjusting it to make a coupling was improper is not apparent to this court, and appellant makes no effort to show it. The evidence was objected to because the pleadings did not justify it. Appellant had pleaded contributory negligence in deceased going between the cars to make a coupling, and no doubt appellees could show in answer to the charge that deceased was pursuing the ordinary course of conduct of employés when he was killed.

[8, 9] There is no basis for the complaint in the twelfth assignment of error, because the statement fails to show that any motion to instruct a verdict for appellant was made at the close of appellees' testimony, nor does the record contain any such motion. The record does show that appellant requested an instruction to the jury to return a verdict for appellant, which was asked at the close of all the testimony, refusal of which is made the basis of the twenty-fourth assignment, which, in connection with the twelfth assignment, is overruled. The evidence, while circumstantial, as to the purpose of deceased in going between the cars, is sufficient to show that he tried to pull the lever to cause the cars to couple, and, failing in this, he signaled the engineer to stop his engine. He did stop it and deceased went between the cars, presumably, to couple them. Just after he went between the cars the loose car struck one of the cars between which deceased was standing and drove the cars together, crushing deceased so that he afterwards died. If the car had been left with the brakes properly set, or if it had been well chocked, it would not have moved and run into the other cars. The evidence justified the jury in finding that deceased was not guilty of contributory negligence in going between the cars, and also in finding that a car was left in such condition that it could roll down an incline and into other cars. W. C. Galbreath was engaged in the duties of his employment, and had stopped the engine, the only agency he could have in any way anticipated would move cars against those between which he was working, and while engaged in the discharge of his duties had his life crushed out through a car running wild on the track, caused by the negligence of appellant. What may have started the car from the position in which it had been left is not known. It may have been the wind; it may have been the law of gravity overcoming the negligent way in which it had been braked or chocked; whatever it may have been it culminated in the death of an employé of appellant engaged in the faithful discharge of the duties that rested upon him as an employé. No matter how vivid his imagination, deceased could not have conjured up any unsafeness in the position he assumed. He doubtless thought he had guarded against all danger, and death reached him in a manner that human reason could not have anticipated.

The thirteenth, fourteenth, and fifteenth assignments are overruled. The evidence justified the submission of the issue of which complaint is made. Without regard to the rules no statement is submitted that sustains the assignment. Mere assertion is not a statement of facts contemplated by the rules. Neither of the assignments is clear as to the point of attack made by it. The charge of the court, however, is not open to the attack, because in connection with the car running wild the evidence failed to show any contributory negligence on the part of deceased. There is no evidence whatever tending to show that deceased had anything to do with the car which caused the disaster.

[10] No matter whether the law of gravity or any other force caused the car to move, and such motion would not have taken place if the car had been properly secured, it was negligence to have it unsecured, and the submission of the question of gravity moving it could not have in any manner injured appellant. The court instructed the jury that if the car had been left "without the brakes set and without other sufficient means of holding it," then if the "car moved by gravity or any other cause other than an act of said W. C. Galbreath," the jury should find for appellees. If the negligence of appellant in leaving the car without proper stays was the proximate cause of the accident, it would

not matter whether it was started by gravity, wind, or any other cause. There is no merit in the sixteenth assignment of error, which raises the gravity question. It is useless to argue that a car standing on an incline for several minutes could not start unless some external force exerted by man was applied to it, for the fact remains that the uncontroverted evidence shows that it did so start, and there is nothing miraculous, nor out of the ordinary, in connection with it. Common experience teaches that a car might so stand for a short while, although insecurely fastened when some slight cause might start it on a run. Deceased did not start it to running, but something did, and if it had been securely fastened with brakes or by other methods it would not have moved.

[11] The seventeenth, eighteenth, nineteenth, and twentieth assignments of error complain of the manner in which the court submitted the question of comparative negligence, and the failure to submit it as appellant desired through its special charges. The charge given by the court was correct and the special charges were contrary to law. As has been reiterated by this court and upheld by the Supreme Court, the injured party could not be deprived of all damages because his negligence was equal to or greater than that of the railway company. "In order to defeat a recovery under the rule of comparative negligence, the contributory negligence must be the sole cause of the accident." Pope v. Railway (Sup.) 155 S. W. 1175; Railway v. Moya, 173 S. W. 608; Railway v. Green, 182 S. W. 392. The statute on comparative negligence is plain and simple and easily understood. Rev. Stats. art. 6649. This court, in the Moya Case, in which a writ of error has been refused, construed the statute in a way that no one should have a doubt in regard to it, as follows:

"If appellee was guilty of more negligence than appellant, that did not destroy his cause, but merely decreased the amount of his recovery in the same proportion that his negligence bore to the whole of the negligence. For instance, if appellee's negligence was one-fourth of that of the whole negligence, he could recover only three-fourths of the compensation he would recover if not guilty of any contributory negligence. If the negligence of each was equal, he would recover one-half of the compensation, and of course, if his negligence alone produced the injury, he would recover nothing."

The special charges were directly in the face of that decision, and were properly refused.

[12] The twenty-first, twenty-second, and twenty-third assignments of error are without merit and are overruled. The assignments complain of a failure of the court to submit the question of assumed risk, the only proposition being:

"The evidence justified a charge on assumed risk and the court should have covered it in a charge."

There is no complaint of the failure to give the special charge as to assumed risk, although embodied in one of the assignments of error. The evidence did not raise the issue of assumed risk. Appellant showed this by proving that it was a rule that brakemen should not go between the cars. Assumed risk is based on the manner of business of the employer whose risks the employés know and assume. To go between the cars was contrary to the rule of the company, and could not have been the master's way of doing business. The act of deceased might under a proper state of facts have been contributory negligence, but none of the elements of assumed risk was disclosed. "Assumed risk refers to a general course of action in connection with the master's way of doing business and the appliances furnished; contributory negligence refers to the question as to whether the servant acted prudently in connection with a certain matter that arose for his consideration at a certain time and place. The first is an intelligent choice, the latter is carelessness." Railway v. Foth, 101 Tex. 133, 100 S. W. 171. The opinion of this court was adopted by the Supreme Court, and printed in the report of the decisions of that court.

[13] Why a complaint should be made in this court because a special charge to return a verdict for the receivers of the railroad company was not given is not apparent, as no judgment was asked and none given against the receivers. It seems that should render any objections on that score idle and vain.

[14] The issue of contributory negligence was clearly submitted by the court, and in view of that fact and a total absence of evidence to show contributory negligence, it was not error to refuse the special charge set out in the twenty-sixth assignment of error. The special charge was incorrect because it did not require the jury to find the negligence, but assumed that if "deceased placed himself in a position more risky and hazardous than was necessary," that he was guilty of contributory negligence. That was a matter to be found by the jury, and not to be assumed by the court. The law of comparative negligence was completely ignored or forgotten in the special charge.

The twenty-seventh assignment of error complains of the insufficiency of the evidence to support the verdict and has been disposed of adversely to appellant by our conclusions of fact in considering the twenty-fourth assignment of error.

[15] The question of excess is sought to be raised in the twenty-eighth assignment of error, and it is followed by a proposition to the effect only that deceased was guilty of more negligence than appellant, and the verdict is therefore grossly excessive, but there is no statement whatever upon which to base the assignment. The assignment will not be considered. Appellate courts cannot be expected to read the whole of a statement of facts to ascertain whether a verdict is ex-

cessive. That labor should be expended by the party complaining of excess in the verdict.

[16] The twenty-ninth assignment of error assails the argument of counsel for appellees in his closing speech to the jury. The bill of exceptions indicates that quite an incendiary speech might have been made by appellees' counsel, if he had been permitted to make it, but each time when he seemed to be nearing the line of demarkation between proper and improper argument counsel for appellant stopped him and asked aid from the court, which was given. There is nothing in what counsel for appellees was permitted to say that could have aroused passion or prejudice in the jury. We give samples of the argument:

"Now, if you render a verdict in this case against the plaintiffs, it is true the company and their assistants might applaud your action, but, gentlemen, out on the hillside and in the valley—"

Here the speaker was interrupted, and what might happen "out on the hillside and in the valley" is not disclosed. Again, the speaker said:

"Now, gentlemen, we are going to leave this case to you and let your verdict be as you think proper; if it is against this woman and child, let it be so; but in the future if you should meet them—"

Here the speaker was interrupted, and it will, perhaps, never be known what the jury should have done under those circumstances. So it was all through the argument. Appellees' counsel was thus halted, prematurely perhaps, all through his argument, and whatever incendiary thoughts may have entered his brain were not allowed to gain utterance. The assignment of error is overruled.

[17, 18] The jury was instructed to find against John Galbreath, but failed to do so, except by inference in finding for Mrs. Galbreath and the minor son and not mentioning John Galbreath. The court, however, rendered judgment against John Galbreath, and appellant complains of that action. John Galbreath makes no complaint of the judgment, and appellant fails to show any right or authority in it to champion his cause. The judgment disposes of every one who could be affected by it, and appellant cannot assume the guardianship of either John Galbreath or the receivers, who were not mentioned in the verdict. John Galbreath and the receivers were made parties, but the evidence fully showed that the former could not recover, and the pleadings and evidence showed that the receivers were not liable. The court instructed a verdict against John Galbreath, and it was agreed by the parties that John Galbreath could not recover, and it was so entered in the judgment. Judgment was also rendered in favor of the receivers. Appellant has no ground for complaint, and John Galbreath and the receivers have not complained. Railway v. Lightfoot,

48 Tex. Civ. App. 120, 106 S. W. 395; Long Mfg. Co. v. Gray, 13 Tex. Civ. App. 172, 35 S. W. 32; McCreary v. Robinson, 57 S. W. 682. It was undisputed that John Galbreath had no cause of action, and that there was no cause of action against the receivers, and the court had the power and authority to dispose of them without the interposition of a jury. Railway v. Sneed, 181 S. W. 702.

The judgment is affirmed.